OPINION OF THE COURT

Per Curiam.

Defendant appeals from an order of the Appellate Division, two Justices dissenting, which affirmed his conviction after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law, § 220,39). At trial, the court refused defendant’s request to charge the jury on the agency defense on the ground that there was no reasonable view of the evidence from which the jury might conclude that, in engaging in the illicit transaction, defendant had acted solely as *503 agent of the buyer. There should be a reversal and a new trial.
At trial, the essential testimony was furnished by the three principals to the transaction: undercover Officer Fargione, informant Bowe and the defendant. The People’s version of events, as related by Fargione and Bowe, was that the pair ventured to defendant’s apartment seeking to purchase one gram of cocaine as arranged earlier that day in a series of phone calls between defendant and Bowe. While Fargione waited in another room, defendant handed Bowe an envelope containing a white powder subsequently determined to contain cocaine. Bowe took some of the powder for himself and added kitchen flour supplied by defendant to the remainder before giving the package to the officer in the presence of defendant. Fargione then sought to hand defendant $125 for the drug, the price previously quoted by Bowe. Defendant rejected the tender, indicating that the money should be given to Bowe. The officer then gave the money to Bowe who immediately handed it to defendant in the officer’s presence.
Defendant’s version of the affair differed from that of Fargione and Bowe. Upon being importuned repeatedly by Bowe, defendant testified that he procured one gram of cocaine for $125 to accommodate his friend. When Bowe arrived at his apartment in the company of Fargione, defendant became concerned about the latter’s presence and dealt with Bowe alone while the officer waited in another room. He observed Bowe take some of the cocaine for himself, add flour to the remainder, whereupon he accepted $125 from Bowe in the absence of Fargione. Defendant related that this was the first time he had procured cocaine for another and that he made no profit and had no interest in the transaction.
The scope and ramifications of the agency defense have been fully discussed elsewhere and merit no repetition here (People v Argibay, 45 NY2d 45; People v Sierra, 45 NY2d 56; People v Lam Lek Chong, 45 NY2d 64; People v Roche, 45 NY2d 78; People v McLeod, 45 NY2d 95). For present purposes it suffices to note only that, in a prosecution for the sale of a controlled substance, a person who acts solely to accommodate the buyer acts as the alter ego of the recipient. Since the Penal Law does not impose criminal sanctions for the mere purchase of narcotics, the agent is held to the same degree of criminal liability as his principal from whom culpability is derived. Thus, where there is some reasonable view of *504 the evidence which lends support to the claim that the defendant acted as an instrumentality of the buyer, upon a timely request, the court should instruct the jury on the agency defense.
In this case, failure to grant defendant’s timely request to charge agency constitutes reversible error. Defendant’s testimony raised the question of whether he simply purchased and delivered a small quantity of drugs solely to accommodate a friend without any commercial interest in promoting the transaction — the quintessential agency relationship (People v Argibay, supra; People v Roche, supra). That the drugs were subsequently transferred from Bowe to Fargione does not detract from this conclusion, for under defendant’s version of the facts, the two transfers were discrete transactions (see People v Roche, supra [where quantity of drugs sold lead inevitably to conclusion that they would be resold did not preclude use of agency defense]).
Nor is it material that the indictment charged defendant with selling the drugs to Fargione, not Bowe. Quite simply, the corpus delicti of the crime charged was the transfer of a controlled substance (Penal Law, § 220.00, subd 1); the person to whom that substance was transferred was immaterial to this conviction (see People v Cunningham, 48 NY2d 938, 940-941). True, as the dissent indicates, the indictment charged a sale to Fargione rather than to Bowe — at a specific time, date and place. However, the "[unassailable notions of due process and fundamental fairness” mentioned in the dissent did not prevent defendant from claiming a defense of agency based on proof contrary to the facts charged in the indictment, particularly where the person to whom the sale was allegedly made was not a material element of the crime charged (see, also, People v La Marca, 3 NY2d 452, 458-459). In these circumstances, given the admission by defendant of the transfer to Bowe, failure to charge agency was tantamount to a ruling that the transfer constituted a sale as a matter of law without putting the People to their burden of disproving an agency relationship. If, as claimed by defendant, he engaged in the transaction in the absence of malevolent motive to accommodate Bowe, he had no interest in the subsequent sale to Fargione. The People may not be permitted to deprive a defendant of the benefit of the agency defense by the simple expedient of charging him with a criminal sale to whomever might ultimately obtain the drugs.
*505 For these reasons, the order of the Appellate Division should be reversed and a new trial ordered.