■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASH PAL GUPTA, Appellant. (Appeal No. 2.) — Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of a controlled substance in the first degree (Penal Law, § 220.43, subd 1) and criminal possession of a controlled substance in the first degree (Penal Law, § 220.21, subd 1) in a separate jury trial following his conviction on other drug charges (see *People v Gupta,* 87 AD2d 990). Among various assignments of error on appeal is his contention that the court should not have received the opinion of the People's chemical expert to the effect that the substance sold and possessed by defendant was morphine. The expert's opinion was based on his comparison of the results of various tests made on the substance sold and possessed by defendant with the results of the same tests performed on a standard sample known to be morphine kept in the lab. His opinion that the standard sample used was in fact morphine was confirmed by his comparison of the results of the mass spectrometer tests conducted on the standard sample with data contained in three recognized authorities in the field of chemistry. The chemist's notes and records pertaining to the tests were available to defendant for use on cross-examination. The three sources of the data the expert used for comparison with the results of the tests on the sample were identified by name, and it is not contended that these are not recognized authorities of the sort ordinarily accepted by experts in the field. Under these circumstances, it was proper to accept the expert's opinion that the standard sample used was morphine and that the substance sold and possessed by defendant contained morphine (see *People v Sugden,* 35 NY2d 453, 459). The other points raised present no basis for reversal. (Appeal from judgment of Monroe County Court, Bergin, J. — criminal sale controlled substance, first degree, and another charge.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.