■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MANER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered June 5, 1981, as amended January 5, 1982, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment as amended reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was indicted, *inter alia,* for knowingly selling heroin on two separate occasions while acting in concert with another "to a person known to the Grand Jury". The prosecutrix later identified the buyer in her opening remarks to the jury as a certain undercover officer. The evidence adduced at trial, viewed in a light most favorable to the People, established that the undercover officer arranged with one Vito Perillo to purchase heroin from the defendant. After he was given money by the undercover officer, Perillo met with the defendant and then returned to the officer with several glassine envelopes containing heroin. The undercover officer never met with defendant, but kept him and Perillo within his sight, remaining one block away on the first occasion, and across the street on the second occasion. Perillo did not testify at the trial. Defendant asserts that the evidence against him was insufficient, as a matter of law, to prove beyond a reasonable doubt that he knowingly sold heroin to the undercover agent. We agree. There was no proof in this record that defendant intended to sell heroin to the undercover officer (see *People v Williams,* 50 NY2d 996). The mere fact that the transactions between Perillo and defendant occurred within the undercover officer's sight is insufficient to support an inference that defendant knew Perillo intended to give the heroin to anyone else, let alone the undercover officer (see *People v La Belle,* 18 NY2d 405). There was no indication that defendant saw the undercover officer or was aware that he was the buyer. Accordingly, the judgment is reversed and the indictment dismissed. Damiani, J. P., Lazer, Mangano, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY SCHWARTZ, Appellant. — Judgment of the County Court, Nassau County (Lawrence, J.), rendered April 25, 1982, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.