■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NAVALLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 11, 1991, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination is to be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court's refusal to give an expanded identification charge was not error. The trial court delivered extensive instructions to the jury emphasizing the presumption of innocence, the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt with respect to each and every element of the crimes charged, the general factors relevant to an evaluation of the credibility of witnesses, the prosecution's burden to prove identification beyond a reasonable doubt, as well as the general factors relevant to an evaluation of the witnesses' accuracy of their observations (see, People v Whalen, 59 NY2d 273, 279; People v Sorrentino, 138 AD2d 760; People v Smith, 100 AD2d 857, 858).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant.—Appeal by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Goldstein, J.), both imposed December 3, 1990.

Ordered that the appeals are dismissed (see, People v Seaberg, 74 NY2d 1). Mangano, P. J., Thompson, Eiber, Copertino and Pizzuto, JJ., concur.