■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BUTLER, Appellant. [594 NYS2d 338] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered September 12, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 13, 1989, at the Parsons Inn on Northern Boulevard in Queens, an undercover officer, acting through an intermediary, purchased a quantity of narcotics from the defendant. The mechanics of the transaction were as follows: The officer gave two $20 bills to the intermediary, the intermediary then gave this money to the defendant, the defendant then gave two packages of cocaine to the intermediary, and the intermediary then delivered the cocaine to the undercover officer.

Relying on *People v Maner* (92 AD2d 554), the defendant now argues that the judgment should be reversed and the indictment should be dismissed because there was no proof that the defendant actually knew that the cocaine which he delivered to the intermediary was destined to be later redelivered by the intermediary to the undercover officer. The defendant contends that the People had an obligation not only to prove that he knowingly exchanged narcotics in return for money, but also that he knew the identity of the individuals to whom the narcotics were ultimately destined to be consigned. We cannot accept this argument.

It is irrelevant to the defendant's criminal liability for the crime of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) that the person to whom he was proven to have delivered a quantity of narcotics in return for a sum of money (the informer) had previously arranged to reconsign those narcotics to a third party (the officer). Whether the narcotics in question were sold by the defendant directly to the undercover police officer, or instead to an "informant who in turn sold them to the policeman * * * [is] immaterial to the corpus delicti of the crime charged" *(People v Charles,* 61 NY2d 321, 328, citing *People v Feldman,* 50

NY2d 500). The case of *People v Maner* (92 AD2d 554, *supra)* is inconsistent with *People v Feldman (supra)* and *People v Charles (supra)* and should be overruled.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber and Pizzuto, JJ., concur.

Ritter, J., dissents, and votes to reverse the judgment, on the law, and to dismiss the indictment, with the following memorandum in which Rosenblatt, J., concurs.

The defendant was charged with one count of criminal sale of a controlled substance in the third degree. The indictment specifies that "the defendant, acting in concert with another person, on or about December 18, 1989, in the County of Queens, knowingly and unlawfully sold a narcotic drug, to wit: cocaine, to a person known to the Grand Jury". The prosecution's theory was straightforward and consistent throughout the trial. The jury was told that the alleged purchaser was an undercover officer who had initially made contact with an individual identified as "J.D. Richie" (hereinafter Richie). The defendant and Richie were alleged to be partners in a joint venture, the defendant accused of being the warehouseman, and Richie the seller who consummated the transaction with the undercover officer. The majority opinion calls Richie both an intermediary and an informant, but that is not consistent with the evidence or the prosecution theory.

During the trial, the undercover officer who allegedly purchased the cocaine testified that on December 13, 1989, he and his partner entered a small bar on Northern Boulevard in Queens. While playing pool, the officer struck up a conversation with Richie whom he had just met for the first time. He asked Richie for some cocaine, to which Richie responded affirmatively, and asked how much the officer wanted to purchase. The officer said he wanted "two $20", and upon Richie's request for the money, gave him $20 bills. Richie then told the officer he was going to see someone named "Billy".

Richie walked approximately 10 feet away from the officer and began talking to the defendant who was seated at the middle of the bar. The officer moved to within about six feet of the two, and had an unobstructed view of them as they engaged in a brief conversation; however, he could not overhear what was being said. The officer then observed Richie hand the defendant two $20 bills in exchange for two paper packets of cocaine. Richie returned and asked the officer to step to the back of the bar where he handed the officer the

two packets of cocaine. Richie did not testify at the trial and his status is not reflected in the record. However, the police testified that they never saw Richie again after the date of the sale, while the defendant was seen in the same bar on three subsequent occasions.

On appeal, the People contend that the evidence adduced at trial was legally sufficient to establish the defendant's guilt as specifically charged in the indictment. I disagree. The mere fact that the undercover officer was present in the bar during the conversation between the defendant and Richie, and witnessed the transfer of what appeared to be packets of cocaine is insufficient, in my view, to support the inference that the defendant knew of Richie's intention to give the cocaine to someone else, let alone the undercover officer. Because there is no evidence that the defendant was aware the undercover officer was the buyer, I would reverse the judgment and dismiss the indictment (see, People v Maner, 92 AD2d 554; cf., People v Williams, 50 NY2d 996, 998).

The majority has sustained the defendant's conviction on the ground that the identity of the purchaser is not a material element of criminal sale of a controlled substance in the third degree, and it was therefore unnecessary for the prosecution to prove the defendant was aware that the undercover officer was going to be the ultimate buyer. Sufficient, in the majority view, is the evidence that the defendant made an unlawful transfer of the narcotics to Richie who then reconsigned the drugs to the undercover officer. If the defendant had been charged with this alternate theory by the grand jury, and been given fair notice so he could prepare his defense thereto, I would concur with the majority's holding here. However, where the allegation in the indictment is limited to a particular theory of prosecution, the defendant is entitled to rely on that allegation and the People are bound to prove it (People v Smith, 161 AD2d 1160, 1161, citing People v Roberts, 72 NY2d 489, 498; People v Powell, 153 AD2d 54; People v Termotto, 155 AD2d 965; see also, People v Kaminski, 58 NY2d 886; People v Shealy, 51 NY2d 933; People v Barnes, 50 NY2d 375, 379, n 3).

The majority's reliance on People v Feldman (50 NY2d 500), is misplaced. That case involved an alleged narcotics sale to an undercover officer. The prosecution's theory was that the undercover officer was working in conjunction with a confidential informant who arranged the transaction. Here, by contrast, there was no confidential informant or intermediary working in conjunction with the undercover officer. Instead,

the prosecution alleged that the defendant was acting in concert with the third party involved in the transaction.

Additionally, in *Feldman (supra),* the defendant testified on his own behalf and admitted that he procured the narcotics, but alleged that he only did so to accommodate the confidential informant who he claimed to be his friend. Since it was his own testimony that created the discrepancy between the proof at trial and the factual allegations set forth in the indictment, he would have had no basis to complain that he was not fairly informed about the theory of the prosecution *(see, People v Spann,* 56 NY2d 469, 473). The defendant in this case did not inject a new theory upon which criminal liability could be imposed and is clearly prejudiced by the lack of notice. Indeed, in the case before us, the theory adopted by the majority was never advanced at trial or charged in the indictment, nor is it raised by the People on appeal.

In my view, *People v Feldman (supra)* is inapposite to the facts and legal principles applicable to the case at bar. Although the corpus delicti of the crime charged in this case was the transfer of a controlled substance, the law does not permit the People to bring on an accusation and prosecution omitting all references to the alleged purchaser. An indictment must contain a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's commission thereof with sufficient precision to clearly apprise him of the conduct which is the subject of the accusation (CPL 200.50 [7] [a]). While an indictment would not be jurisdictionally defective for failing to identify the alleged purchaser in a count charging criminal sale of a controlled substance, if requested, such fact would have to be disclosed either in a bill of particulars or otherwise, in order for an adequate defense to be prepared *(see, People v Roberts,* 72 NY2d 489, 498, *supra; People v Iannone,* 45 NY2d 589).

Here, the People gave the defendant sufficient and specific notice concerning the identification of the alleged purchaser, but because the evidence is not sufficient to sustain the acting in concert theory alleged in the indictment, I vote to reverse the judgment and to dismiss the indictment.