■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PENA, Appellant. [609 NYS2d 826] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.) rendered March 18, 1992, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO PENA, Appellant. [609 NYS2d 827] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 10, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the identity of the person to whom he sold drugs is not a

material element of the crime of criminal sale of a controlled substance in the third degree (see, Penal Law § 220.39; *People v Charles*, 61 NY2d 321, 328; *People v Feldman*, 50 NY2d 500, 504; *People v Butler*, 191 AD2d 503).

The defendant also contends that the trial court erred by denying his request for a missing witness charge with respect to the arresting officer's partner. This contention is without merit as the People met their burden of establishing that the testimony would have been cumulative (see, *People v Gonzalez*, 68 NY2d 424; *People v Tate*, 199 AD2d 291; *People v Morris*, 168 AD2d 464).

We also find that the trial court's refusal to give an expanded identification charge was not error. The charge properly instructed the jury as to both the People's burden of proving identification beyond a reasonable doubt, and the general factors relevant to an evaluation of the witnesses' veracity and accuracy of their observations (see, *People v Whalen*, 59 NY2d 273, 279; *People v Navallo*, 186 AD2d 156; *People v Sorrentino*, 138 AD2d 760).

Finally, the court's instruction with respect to the presumption of innocence adequately conveyed to the jury the significance of that fundamental safeguard (see, *People v Brown*, 150 AD2d 472). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.