■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MARSH, Appellant. [682 NYS2d 222] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 24, 1992, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence failed to establish his knowing participation in the sale of cocaine to the undercover police officer is not preserved for appellate review, since he never raised that argument before the trial court (*see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Under Penal Law § 220.43 (1) the identity of the individuals to whom the narcotics are ultimately destined to be consigned is "immaterial to the corpus delicti of the crime charged" (*People v Charles,* 61 NY2d 321, 328, citing *People v Feldman,* 50 NY2d 500; *see also, People v Pena,* 201 AD2d 676; *People v Butler,* 191 AD2d 503). Indeed, the transfer of the drugs to a codefendant constituted the crime of criminal sale of a controlled substance in the first degree (*see, People v Rizo,* 169 AD2d 491; *People v Echevarry,* 165 AD2d 730).

The evidence further established that the weight of the drugs sold to the undercover officer by the defendant was in excess of the two ounces required for conviction of criminal sale of a controlled substance in the first degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.