■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD A. JOHNSON, Appellant. [683 NYS2d 681] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). County Court did not err in denying defendant's motion to dismiss made upon the conclusion of the People's proof. The testimony of the undercover officer and confidential informant regarding the drug transaction was not incredible as a matter of law (*see, People v Christian* [appeal No. 1], 139 AD2d 896, *lv denied* 71 NY2d 1024; *People v Stroman*, 83 AD2d 370, 371-372), and the conflict between their testimony did not concern a material element of the crimes charged (*see, People v Feldman*, 50 NY2d 500, 504; *People v Pena [Roberto]*, 201 AD2d 676, 676-677, *lv denied* 83 NY2d 1006, 85 NY2d 941; *People v Butler*, 191 AD2d 503, *lv denied* 81 NY2d 1011, 82 NY2d 752). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

There is no merit to the contention of defendant that the court abused its discretion in limiting the extent of his cross-

examination of prosecution witnesses. "The extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court" (*People v Duffy*, 36 NY2d 258, 262, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). The court permitted lengthy cross-examinations by defense counsel and did not abuse its discretion in limiting questioning that was argumentative or cumulative.

The court did not err in admitting into evidence the testimony of the People's forensic chemist regarding the results of tests performed on the substance sold by defendant (*see, People v Harris*, 130 AD2d 939, *lv denied* 70 NY2d 647; *People v Gupta*, 87 AD2d 991). Further, the court did not improperly deny defendant's request for an adjournment to secure an expert witness concerning the methodology employed by the forensic chemist in testing that substance. Although it described defendant's proposed challenge to an established methodology as highly speculative, the court nevertheless offered defendant the opportunity either to produce an expert or offer some proof from an expert that would indicate a genuine need for such testimony. Defendant failed to produce an expert or submit any proof.

The court properly refused to grant defendant's motion made during jury selection for an adjournment for the substitution of assigned counsel. Defendant failed to establish compelling circumstances that required the substitution of counsel (*see, People v Arroyave*, 49 NY2d 264, 271). Defendant failed to set forth with sufficient particularity the nature of his allegedly strained relationship with counsel or to establish that their differences concerned anything more than a disagreement over legal tactics (*see, People v Lashway*, 187 AD2d 747, 749, *lv denied* 81 NY2d 842; *People v Rodriguez*, 166 AD2d 903, 904, *lv denied* 77 NY2d 910).

Defendant failed to object to the jury instruction and thus failed to preserve for our review his contention that the court improperly instructed the jury with respect to the elements of the offenses and the presumption of innocence (*see*, CPL 470.05 [2]; *People v Lipton*, 54 NY2d 340, 351). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.