THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY YOUNGBLOOD, Appellant. [690 NYS2d 809] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [2]). Defendant failed to preserve for our review his contention that the prosecutor improperly questioned him regarding a codefendant's guilty plea. Supreme Court sustained defendant's objections to the prosecutor's questions and defendant neither made a further objection nor requested a curative instruction. Thus, the court "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Williams,* 46 NY2d 1070, 1071). Because defendant failed to request an instruction or object to the charge as given, defendant also failed to preserve for our review his further contention that the court erred in failing to instruct the jury that it could not consider the codefendant's guilty plea as evidence of defendant's guilt (*see, People v Goins,* 231 AD2d 860, *lv denied* 89 NY2d 942), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

There is no merit to defendant's contention that the court erred in failing to give a missing witness charge based on the People's failure to call the codefendant at trial. There is no indication that the codefendant would have provided testimony favorable to the People or that he was in the People's control (*see, People v Williams,* 186 AD2d 469, 469-470, *lv denied* 81 NY2d 849).

Finally, defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see,* CPL 470.05 [2]). In any event, the prosecutor's comments on summation regarding the codefendant's guilty plea were fair response to defense counsel's summation (*see, People v Halm,* 81 NY2d 819, 820). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.