▇▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE MOORE, III, Appellant. [713 NYS2d 420] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and conspiracy in the fourth degree (Penal Law § 105.10 [1]). County Court did not abuse its discretion in consolidating for trial the indictment charging defendant with conspiracy and the indictment charging him with the remaining counts of which he was convicted (*see,* CPL 200.20 [4], [5]). Evidence of the conspiracy to rob a specific mobile home was material and admissible as evidence-in-chief to establish defendant's motive and intent with respect to the murder that occurred in that same mobile home and thus the offenses charged in both indictments were joinable for trial purposes pursuant to CPL 200.20 (2) (b) (*see, People v Bongarzone,* 69 NY2d 892, 895).

The court properly denied defendant's request for a missing witness charge. The record does not indicate that the witnesses would have provided testimony favorable to the People or that the witnesses were in the People's control (*see, People v Vigliotti,* 270 AD2d 904, 905; *People v Youngblood,* 261 AD2d 960, *lv denied* 93 NY2d 1029; *People v Bessard,* 148 AD2d 49, 53-54, *lv denied* 74 NY2d 845; *see generally, People v Gonzalez,* 68 NY2d 424, 427-428). We reject defendant's contention that the admission of the statement of the codefendant, who did not testify, violated defendant's rights under *Bruton v United States* (391 US 123). That statement did not inculpate defendant or even mention his name. The hearsay statement was properly admitted in evidence as a declaration by a coconspira-

tor "during the course and in furtherance of the conspiracy" (*People v Bac Tran,* 80 NY2d 170, 179, *rearg denied* 81 NY2d 784; *see, People v Owusu,* 234 AD2d 893, *lv denied* 89 NY2d 1039).

Defendant's contention that the conviction of murder in the second degree is not supported by legally sufficient evidence is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19). In any event, the evidence, viewed in the light most favorable to the prosecution, establishes the essential elements of the crime beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620, 621). The verdict is not against the weight of the evidence. Based on our review of the record, we conclude that the jury gave the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Although defendant contends that certain witnesses were unworthy of belief, matters of credibility are within the province of the jury (*see, People v Gruttola,* 43 NY2d 116, 122). The testimony of those witnesses was not incredible as a matter of law (*see, People v Johnson,* 256 AD2d 1157, *lv denied* 93 NY2d 875; *People v Steele,* 168 AD2d 937, 938-939, *lv denied* 77 NY2d 967). (Appeal from Judgment of Onondaga County Court, Mulroy, J.— Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.