Appeal from a judgment of Supreme Court, Erie County (Noonan, J.), entered October 28, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).
*882 It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant failed to preserve for our review his contention that the People violated their obligations under Brady v Maryland (373 US 83, 87 [1963]) to disclose information regarding a favorable plea agreement used to induce a prosecution witness to testify against defendant (see CPL 470.05 [2]; People v Griffin, 129 AD2d 975 [1987], lv denied 69 NY2d 1004 [1987]). Moreover, to the extent that defendant’s contention is based upon material outside the trial record, it is more appropriately raised in a motion pursuant to CPL 440.10 (see People v Wilson, 283 AD2d 339, 340 [2001], lv denied 97 NY2d 644 [2001]). We reject the contentions of defendant that he established the affirmative defense to felony murder (Penal Law § 125.25 [3] [a]-[d]) by a preponderance of the evidence and that the jury’s verdict on the felony murder counts of the indictment is contrary to the weight of the evidence (see People v Jeanty, 268 AD2d 675, 677 [2000], lv denied 94 NY2d 949 [2000]). The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support defendant’s conviction of burglary in the first degree (§ 140.30 [2]) and attempted robbery in the first degree (§§ 110.00, 160.15 [1]). Further, the verdict on those counts is not contrary to the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that prosecutorial misconduct on summation deprived him of a fair trial (see CPL 470.05 [2]; People v Wright, 269 AD2d 831 [2000], lv denied 94 NY2d 954 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). We reject the contention of defendant that he was deprived of a fair trial and due process of law as the result of Supreme Court’s denial of his Batson challenges with respect to two African-American prospective jurors. The court properly determined that the prosecutor’s explanations for exercising peremptory challenges with respect to those jurors were race-neutral, and defendant failed to meet his burden of establishing that those explanations were pretextual (see People v Welch, 298 AD2d 903 [2002], lv denied 99 NY2d 565 [2002]; see generally People v Smocum, 99 NY2d 418, 422 [2003]). The court properly admitted in evidence the hearsay statements of a codefendant as declarations of a coconspirator during the course of and in furtherance of the conspiracy (see People v Wolf, 98 NY2d 105, 118 [2002]; People v Moore, 275 AD2d 969, 969-970 [2000], lv denied 95 NY2d 936 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., PJ., Green, Pine, Wisner and Gorski, JJ.