10-795-cv
Harris v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand eleven.

PRESENT:
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                Circuit Judges,
        EDWARD R. KORMAN,
                District Judge.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - x

ANTONIO HARRIS,
        Petitioner-Appellant,

        -v.-                              10-795-cv

BRIAN FISCHER, WARDEN,
        Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - x

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PETITIONER-APPELLANT:           ANDREW M. ST. LAURENT, Harris,
                                    Cutler & Houghteling LLP, New York,
                                    New York.

FOR RESPONDENT-APPELLEE:            DONNA A. MILLING, Assistant
                                    District Attorney, for Frank A.
                                    Sedita, III, District Attorney of
                                    Erie County, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Telesca, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Antonio Harris appeals from a judgment of the district court, dated February 19, 2010, denying his petition for a writ of habeas pursuant to 28 U.S.C. § 2254. On August 7, 1998, Harris and two others attempted to collect a debt from Michael Organek, during which one of Harris's companions stabbed Organek in the eye with a hollow metal rod, resulting in his death four days later. In January 1999, Harris was charged with four counts of murder in the second degree, one count of attempted robbery in the first degree, one count of burglary in the first degree, one count of criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the third degree. The murder counts consisted of one count of intentional murder, one count of depraved indifference murder, and two counts of felony-murder. After a jury trial in Erie County, Harris was found guilty of all charges except the intentional murder charge, as to which he was acquitted.

-2-

Prior to sentencing, Harris moved to set aside the verdict pursuant to New York Criminal Procedure Law § 330.30, alleging that the evidence was insufficient to sustain the verdict. The trial court granted the motion in part on October 20, 1999, setting aside Harris's convictions for depraved indifference murder, weapon possession, and possession of a controlled substance. On October 28, 1999, Harris was sentenced to concurrent, indeterminate terms of imprisonment of twenty years to life on each of the two felony-murder counts, seven and a half to fifteen years for the attempted robbery conviction, and twelve and a half to twenty-five years for the burglary conviction. On direct appeal, the Appellate Division affirmed. People v. Harris, 767 N.Y.S.2d 347 (4th Dep't 2003), leave to appeal denied, 2 N.Y.3d 740 (2004).[1]

On March 11, 2005, Harris filed the § 2254 petition below, challenging his conviction on four grounds: ineffective assistance of counsel; prosecutorial misconduct (including a Batson claim); insufficiency of evidence to support the robbery and burglary convictions; and establishment of an affirmative defense to felony-murder. The district court rejected Harris's Batson argument on the merits and held that his remaining arguments were procedurally defaulted. On appeal, Harris challenges only the district court's denial of his claim with respect to his affirmative defense.

---

[1] Harris also moved to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, twice, on December 11, 2003 and February 15, 2005. Both motions were denied.

-3-

This Court reviews the denial of a petition for a writ of habeas corpus de novo.  Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d 149, 155 (2d Cir. 2009).  Under § 2254's exhaustion requirement, 28 U.S.C. § 2254(b), (c), each argument advanced in a federal habeas petition must first have been exhausted through state remedies -- that is, presented to the state's highest court, Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).  The petitioner must have "fairly apprised" the state court of the factual and legal premises of the federal constitutional claim.  Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991).  In New York, a defendant seeking further appeal in a criminal case must apply for leave to appeal by letter application to the Court of Appeals.  N.Y. Court Rules § 500.10(a) (current version at N.Y. Court Rules § 500.20(a) (2005)).  The district court held below that Harris procedurally defaulted his affirmative defense claim because he insufficiently alerted the Court of Appeals to the claim in his letter application.

We have previously held that if a defendant's leave application presents his claims in such a way that "eliminate[s] issues as to which review had been expressly requested," Morgan v. Bennett, 204 F.3d 360, 371 (2d Cir.), cert. denied, 531 U.S. 819 (2000), those issues are procedurally defaulted and cannot be asserted in a subsequent federal habeas petition.  On the other hand, if a defendant's leave application "clearly state[s] that he [is] pressing all of the claims raised in [an] attached [Appellate Division] brief," the Court of Appeals is considered to have been fairly apprised of all of those claims.  Jordan v.

Lefevre, 206 F.3d 196, 199 (2d Cir. 2000). We have found such a clear statement within a leave application that briefly but "expressly 'request[ed] this Court to consider and review all issues outlined in defendant-appellant's [attached] brief.'" Morgan, 204 F.3d at 370-71 (citing defendant's letter application).

In this case, Harris's leave application to the New York State Court of Appeals discussed only his Brady and fair-trial claims in detail, but concluded with a request that "this Court consider and review all issues outlined in appellant's [Appellate Division] brief." (Appellant App. 135). Although Harris had discussed one section of the brief at length in his letter, he unambiguously stated that he wished to press "all" of the issues he had presented to the Fourth Department, including his affirmative defense claim. Cf. Grey, 933 F.2d at 20 (holding additional arguments in brief defaulted where leave application letter urged one claim but made no mention of remaining arguments in attached brief). Thus, the district court erred in holding that Harris abandoned his affirmative defense claim before the Court of Appeals.

Nonetheless, we hold that Harris's sufficiency-of-the-evidence claim regarding his affirmative defense to felony-murder fails on the merits. First, the Due Process Clause of the Fourteenth Amendment protects a defendant only with respect to the sufficiency of evidence establishing the elements of an offense. Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quoting

In re Winship, 397 U.S. 358, 364 (1970)).  Harris's burden of proving his affirmative defense to felony-murder in New York, N.Y. Penal Law § 125.25(3)(a)-(d) (McKinney 2009), however, did not in any way "detract" from the State's burden of proving any element of the offense at trial beyond a reasonable doubt.  See Caldwell v. Russell, 181 F.3d 731, 740 (6th Cir. 1999) (citing Jackson, 443 U.S. at 315).

Second, even if Harris's claim were cognizable under habeas review, cf. Murden v. Artuz, 497 F.3d 178, 195 (2d Cir. 2007) (reaching affirmative defense of extreme emotional disturbance in relation to habeas claim of actual innocence), Harris has failed to demonstrate that a rational jury could only have found that he proved the affirmative defense.  Pursuant to New York Penal Law § 125.25(3)(d), Harris had to prove, inter alia, that he "had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."  N.Y. Penal Law § 125.25(3)(d) (McKinney 2009).  See People v. Bornholdt, 33 N.Y.2d 75, 86 (1973) (holding that, to invoke affirmative defense, defendant must show that he had "nothing to do with the killing itself . . . and had no idea that any of his confederates was armed or intended to engage in any conduct dangerous to life").

Indeed, the evidence at trial established that Harris recruited Robert Hennegan and Anthony Franklin to help him get money from Organek, the three men followed Organek into his apartment, and Harris was the first to hit Organek.  Harris

-6-

testified that he went to North Street to help LaTwett Harris, who told him she had "a problem" and that he "should bring [his] boys." (Trial Tr. vol. 4, 474-75, July 7, 1999). Harris's intent when he entered Organek's apartment was to force Organek to get the money Organek owed LaTwett. Indeed, in his post-arrest confession, he admitted that, if he did not get the money, "I was going to beat him. I was going to fight him." (Trial Tr. vol. 3, 370, July 6, 1999). In light of this evidence, a rational jury could have found that Harris had reasonable ground to believe there would be conduct likely to result, at the very least, in serious physical injury.

We have considered Harris's other arguments on appeal and have found them to be without merit. Accordingly, the decision of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK