■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GARRIGA, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Kings County (Douglass, J.), all rendered April 1, 1987, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (five counts), under indictment No. 5910/85, upon a jury verdict, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance

in the third degree, criminal use of drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree, under indictment No. 6141/85, upon a jury verdict, criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, under indictment No. 5908/85, upon his plea of guilty, and criminal sale of a controlled substance in the second degree, under indictment No. 5914/85, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court erred in failing to declare a mistrial and order a severance of his case from that of his codefendant as a result of purportedly prejudicial comments the counsel for the codefendant made in his opening statement. We disagree. Although the codefendant's counsel indicated that the defendant's failure to testify might make it more difficult for him to rebut incriminatory testimony from police officers as to what the defendant had told them about his client, these comments did not suggest that the defendant's failure to testify was indicative of his guilt or in any other way tend to prejudice the defendant. Furthermore, in the absence of any cogent reason, severance was not warranted here where proof against both the defendant and his codefendant was supplied by the same evidence *(see, People v Bornholdt,* 33 NY2d 75).

We further reject the defendant's contentions that (1) the trial court improperly instructed the jury that the testimony adduced before the Grand Jury from an undercover officer who was the People's principal witness was not inconsistent with his trial testimony, and (2) the trial court improperly refused to allow the officer's written report of his transaction with the defendant into evidence. The defendant failed to establish that the officer was asked to or did in fact address the question of whether the defendant took a share of the "buy money" for himself in either the officer's Grand Jury testimony or the report. Thus, neither his Grand Jury testimony nor the report was inconsistent with the officer's trial testimony that the defendant did in fact take a share of the "buy money" *(see, People v Bornholdt, supra).*

We also find no merit in the defendant's contention that the trial court improperly allowed another undercover officer to testify that the defendant had indicated to him that he had people who could "take care" of anybody for him. That testimony is ambiguous and does not refer to an uncharged crime, as defendant purports. In any event, the statement was not

introduced for the purpose of establishing that the defendant had the propensity to commit the instant crime but rather to negate the defense of agency and the defendant's claim that he was not involved in the actual sale of drugs *(see generally, People v Molineux,* 168 NY 264).

Finally, the defendant's claims of error in the prosecutor's summation are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951), or without merit. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.