■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGAPITO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 28, 1987, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a

controlled substance in the second degree (two counts), criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (five counts), under indictment No. 5910/85, and from a judgment of the same court, also rendered May 28, 1987, as amended March 30, 1988, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, conspiracy in the second degree, and criminal use of drug paraphernalia in the second degree under indictment No. 6141/85, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgment under indictment No. 5910/85 is affirmed; and it is further,

Ordered that the judgment under indictment No. 6141/85, as amended, is modified, on the law, by vacating the provision thereof directing the defendant to make restitution in the amount of $2,000,195; as so modified, the judgment, as amended, is affirmed.

The defendant's contention that the hearing court erred in denying that branch of his motion which was to suppress the physical evidence seized from his apartment pursuant to a search warrant is without merit. The record supports the hearing court's determination that the defendant failed to meet his burden of establishing by a preponderance of the evidence, that the facts stated by the affiant were intentionally, recklessly, or falsely represented (see, Franks v Delaware, 438 US 154, 165; People v Ingram, 79 AD2d 1088). Moreover, although the affiant did not have firsthand knowledge of some of the facts to which he attested, his affidavit makes clear that he obtained his information from an undercover police officer who did have personal knowledge of those facts (see, People v Petralia, 62 NY2d 47, 51-52; People v Londono, 148 AD2d 753). Thus, the hearing court properly determined that the search warrant was supported by probable cause.

Also without merit is the defendant's contention that the trial court improvidently exercised its discretion in denying his motion for a severance, based upon his allegation that he and his codefendant would proffer inconsistent defenses. Where, as here, the proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a

severance *(see, People v Bornholdt,* 33 NY2d 75). We agree with the trial court's determination that the defendant failed to proffer any such cogent reasons *(see, People v Garriga,* 159 AD2d 634).

While undoubtedly well intentioned, the court's novel method of calculating the sentence of restitution is unauthorized *(see,* Penal Law § 60.27; *United States v Casamento,* 887 F2d 1141, 1177-1178, *cert denied* — US —, 110 S Ct 1138).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Garriga,* 159 AD2d 634, *supra).* Thompson, J. P., Brown, Eiber and Miller, JJ., concur.