■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCHIAVO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 18, 1989, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends on appeal that the information contained in the affidavit of Police Officer Robert Nonnenmacher was insufficient to justify the issuance of a warrant authorizing the search of his home. We disagree.

It is well settled that a search warrant must be supported by a reasonable belief that an offense has been or is being committed, or that evidence of criminality may be found in a certain place (see, People v Bigelow, 66 NY2d 417; People v Londono, 148 AD2d 753). At bar, the affidavit in support of the application for the search warrant relayed details of a tape-recorded conversation in which the defendant stated, inter alia, "don't forget my gun because I want to put it in my house". The officer further averred that the defendant was not licensed to carry or possess a handgun.

Contrary to the defendant's assertions, we find that the foregoing information was sufficient to furnish probable cause to issue the search warrant (see, People v Edwards, 69 NY2d 814; People v Cassella,. 143 AD2d 192; People v Marinelli, 100 AD2d 597). We further find that the eight-day delay between the tape-recorded conversation and the issuance of the search warrant did not render the information stale (see, People v Padilla, 132 AD2d 578; People v Tune, 103 AD2d 990).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.