■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL GAVIRIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered September 27, 1990, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

The defendant's contention that the search warrant was

issued upon a deficient factual predicate is lacking in merit. As we have observed, a search warrant must be supported by evidence establishing probable cause to believe "that an offense has been or is being committed, or that evidence of criminality may be found in a certain place" *(People v Londono,* 148 AD2d 753; *see also, People v Bigelow,* 66 NY2d 417; *People v Schiavo,* 162 AD2d 639). Moreover, a search warrant may be validly based upon hearsay information found to be reliable *(see, People v Lopez,* 162 AD2d 621; *People v Londono, supra; see also, People v Bartolomeo,* 53 NY2d 225). Significantly, "an affidavit by a police officer which is based upon the observation made by a fellow police officer when the two are engaged in a common investigation furnishes a reliable basis for the warrant" *(People v Londono, supra; see also, People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852; *People v Lopez, supra).*

Here, the officer who submitted the warrant application stated that he and an undercover officer were working together on a narcotics investigation and that the undercover officer had recently participated in two drug purchase operations involving the premises for which the warrant was sought. This information was sufficient to furnish a reliable basis for the issuance of the warrant and established probable cause *(see, People v Lopez, supra; People v Londono, supra).*

The defendant's contention that the information underlying the warrant application was "stale," is lacking in merit, inasmuch as the last drug buy detailed in the warrant application took place only three days before the warrant was issued *(see, People v Schiavo,* 162 AD2d 639, *supra).* The defendant's conclusory, unsupported assertion that the officer's warrant affidavit was "untruthful and incredible" is insufficient to trigger the need for a hearing *(see,* CPL 710.60 [1], [3] [b]; *People v Gayle,* 166 AD2d 454; *People v Kroll,* 162 AD2d 717; *see also, Franks v Delaware,* 438 US 154, 155; *People v Alfinito,* 16 NY2d 181).

There is no basis in the record to disturb the defendant's sentence *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.