■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL SALGADO, Respondent. [616 NYS2d 657] —Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated April 1, 1993, which granted the defendant's motion to suppress certain physical evidence.

Ordered that the order is reversed, on the law, the defendant's motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The present appeal is authorized by CPL 450.20 (8). The fact that the accusatory instrument, which now contains the charges affected by the Supreme Court's suppression order,

previously contained other counts which were unaffected by that order, does not deprive the People of their statutory right to appeal *(see,* CPL 450.20 [8]; *cf., Matter of Forte v Supreme Ct.,* 48 NY2d 179).

Turning to the merits, we find that the Supreme Court erred in suppressing certain physical evidence seized during the execution of a search warrant. The affidavit presented to the court which issued the warrant established probable cause to believe that contraband was present at the location in question. The reliability of the undercover officer's information, as recounted in the affidavit of another officer, and as presented to the court through that affidavit, is presumed to be reliable *(see, People v Parris,* 83 NY2d 342, 347, citing *People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852; *United States v Ventresca,* 380 US 102, 111; 2 LaFave, Search and Seizure § 3.5 [a], at 2-4 [2d ed]; *see also, People v Gaviria,* 183 AD2d 913; *People v Lopez,* 162 AD2d 621; *People v Londono,* 148 AD2d 753). Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.