■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TELESCO, Also Known as BROTHER D., Appellant. [616 NYS2d 773] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered September 9, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, criminal possession of a weapon in the third degree (two counts), criminally using drug paraphernalia in the second degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the search warrant's description of the premises to be searched as being "located at 16 Buckley Ave" in the Village of Port Chester was overbroad and rendered the warrant a nullity. However, any "deficiencies in a warrant, overbroad on its face, may be cured * * * by referring to the supporting documents" *(People v Brooks,* 54 AD2d 333, 335). In this case, the description of the target location (the defendant's third-floor apartment) in the supporting affidavits, together with the description in the warrant, sufficiently delineated the area of the building to enable the searcher to identify the place authorized to be searched *(see, People v Trammell,* 152 AD2d 989; *see also, People v Nieves,* 36 NY2d 396, 401; *People v Brooks, supra).* Accordingly, the description met the constitutional requirements.

The defendant also contends that the warrant was not based upon probable cause. We disagree. It is settled that "a search warrant may be validly based upon hearsay information found to be reliable * * * [and that] [i]n this regard, an affidavit by a police officer which is based upon the observations made by a fellow police officer when the two are engaged in a common investigation furnishes a reliable basis for the warrant" *(People v Londono,* 148 AD2d 753; *see, People v Gaviria,* 183 AD2d 913; *People v Lopez,* 162 AD2d 621). Here, the applying officer's affidavit set forth a series of transactions that took place between an undercover officer and the defendant at or near the defendant's residence. Moreover, the warrant application was also supported by the affirmation of another officer who set forth his own personal observations of the defendant

engaged in a drug sale. The affirmation also contained information provided by a confidential informant whose track record for reliability was also set forth in the affirmation *(see, People v Whitt,* 203 AD2d 606). Contrary to the defendant's assertion, the officer's affirmation was properly considered since it contained, in bold lettering, a warning that the giving of false information would constitute a misdemeanor *(see, People v Simon,* 107 AD2d 196).

Finally, the three-week gap between the date of the last occurrence mentioned in the warrant application and the date of the issuance of the warrant did not render the information stale since it was clear from the application that the defendant's drug-dealing activities were ongoing and continuing *(see, People v Hawley,* 192 AD2d 742; *People v Bryan,* 191 AD2d 1029; *People v Clarke,* 173 AD2d 550). Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.