■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BADIA, Appellant. [649 NYS2d 2] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered July 9, 1995, convicting defendant, after a jury trial, of criminal possession of stolen property in the second degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The court properly found that the detective's showing in support of a search warrant for defendant's business premises established probable cause, based upon the detective's own observations, and information obtained from police records, which is presumed reliable (*People v Salgado*, 207 AD2d 918, *lv denied* 84 NY2d 1038). The court properly rejected defendant's claim that the detective used a ruse to gain consensual entrance to one of defendant's premises, since the motion was not supported by an affidavit of any person present when that entry was made, or upon information and belief gained from a source with first-hand knowledge of that entry (CPL 710.60 [1], [3]).

Defendant's claim that a detective was improperly permitted to testify concerning the "body over" process used by car thieves to put legal vehicle identification numbers on stolen vehicles is not preserved by the general objections registered at trial (*People v Tevaha*, 84 NY2d 879; *People v Woney*, 205 AD2d 480, *lv denied* 84 NY2d 835), and we decline to review the issue in the interest of justice. Were we to review the issue, we would find it to be without merit since the conclusions to be drawn from the facts depended upon professional knowledge not within the range of ordinary training or intelligence (*People v Cronin*, 60 NY2d 430, 432). Absent an abuse of discretion, which clearly is not presented herein, a trial court's determination regarding the admissibility and bounds of expert testimony will not be disturbed (*People v Garcia*, 196 AD2d 433, *affd* 83 NY2d 817).

Defendant's claim that the introduction into evidence of Police Department property vouchers describing seized vehicles and their vehicle identification numbers, without the preparer testifying at trial, violated his constitutional right of confrontation, was not preserved by timely objection at trial (*People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914) or by the CPL 330.30 motion after the verdict (*People v Padro*, 75 NY2d 820). We decline to review the claim in the interest of justice. Were we to review it, we would find it to be without merit since those records were properly introduced pursuant to CPLR 4518 (a) (*People v Guidice*, 83 NY2d 630, 635; *People v Kennedy*, 68 NY2d 569, 579-580). This is particularly so since the business records contained "objective factual material compiled under circumstances indicating it to be inherently reliable" (*People ex rel. McGee v Walters*, 62 NY2d 317, 322).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.