■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. WALLACE, JR., Also Known as KENNYATHA WALLACE, Appellant. [656 NYS2d 513] —White, J. Appeal from a judg-

ment of the County Court of Broome County (Smith, J.), rendered July 10, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Pursuant to a search warrant issued by Binghamton City Court, police searched a second-floor apartment located at $6^1/2$ Emmett Street in the City of Binghamton, Broome County, and seized a quantity of cocaine. As a result, defendant was charged with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. He subsequently made a motion to suppress the physical evidence seized as a result of the search on the basis, *inter alia*, that the search warrant failed to sufficiently describe the premises to be searched. Following a hearing, County Court denied the motion. Defendant then pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to 2 to 6 years in prison. Defendant appeals, contending that County Court erroneously denied his suppression motion.

"In reviewing the validity of a search warrant to determine whether * * * it contained a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (*People v Nieves*, 36 NY2d 396, 402). The particularity requirement must be viewed from "the standpoint of common sense" and "the descriptions in the warrant and its supporting affidavits [must] be sufficiently definite to enable the searcher to identify the persons, places or things that the Magistrate has previously determined should be searched or seized" (*id.*, at 401).

Defendant's challenge to the sufficiency of the search warrant is premised upon its failure to describe the premises to be searched as the second floor "left-hand" apartment, there being more than one apartment on the second-floor at $6^1/2$ Emmett Street. Although the warrant does, in fact, suffer from this deficiency, "deficiencies in a warrant, overbroad on its face, may be cured by referring to * * * the supporting documents" (*People v Brooks*, 54 AD2d 333, 335 [citation omitted]; *see, People v Telesco*, 207 AD2d 920). The supporting documents in the case at hand include a deposition of a confidential informant who made a controlled buy from the subject premises and who described it as the second-floor "left" apartment. Since this deposition, which was made part of the warrant application, alleviated any confusion over which apart-

ment was authorized to be searched, we reject defendant's challenge to the sufficiency of the warrant (*see, People v Fahrenkopf*, 191 AD2d 903). Accordingly, the judgment must be affirmed.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.