■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH R. MARKIEWICZ, Appellant. [667 NYS2d 836] —White, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 29, 1996, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On May 4, 1995, a Town Justice of the Town of Colonie in Albany County issued a search warrant to the State Police authorizing a search of defendant's residence and vehicle for cocaine and drug-related paraphernalia. Concomitantly, she issued an arrest warrant for defendant. At around 10:35 P.M. that day, the police stopped defendant's vehicle on the Thruway, took him into custody pursuant to the arrest warrant and searched his vehicle wherein they discovered a paper bag containing cocaine. Subsequently, defendant was indicted for various drug-related crimes and, following the denial of his suppression motion, pleaded guilty to the crime of criminal possession of a controlled substance in the second degree. He now appeals.

Where, as here, a defendant attacks the issuance of a search warrant, our task is to determine whether there was a " 'substantial basis for the Magistrate's conclusion that probable cause existed' " (*People v Castillo*, 80 NY2d 578, 585, *cert denied* 507 US 1033, quoting *People v Johnson*, 66 NY2d 398, 405). To establish probable cause, an application must provide

the magistrate with information to "support a reasonable belief that evidence of a crime may be found in a certain place" (*People v McCulloch*, 226 AD2d 848, 849, *lv denied* 88 NY2d 1070).

In this instance, the application was made by Robert Talbot, an experienced narcotics investigator who averred that, since February 1995, he had been involved in an ongoing drug investigation that involved surveillance and the use of telephone wiretaps on a phone used by Joseph Gilbert. He related that, based on a series of intercepted phone conversations that took place between April 20 and April 29, 1995 and his understanding of the coded and cryptic terms employed by drug traffickers, he concluded that defendant and Gilbert were participating in an organized multicounty cocaine distribution network. Talbot's conclusion was substantiated by the surveillance of a number of meetings between defendant and Gilbert and the observation of Gilbert's vehicle traveling south on the Thruway toward New York City and his returning later that day to defendant's residence. Talbot further related that a named informant told another investigator that for four years he had traveled with Gilbert to New York City on a weekly basis for the sole purpose of purchasing cocaine.

In weighing this information, we are mindful that, if the stated preference for search warrants is to be served, the application must be interpreted in a common-sense and realistic fashion and great deference accorded to the Magistrate's determination of probable cause (*see, United States v Ventresca*, 380 US 102, 108; *People v Johnson*, 66 NY2d 398, 406). Analyzed in this manner, we find that the application provided a substantial basis for the Town Justice's conclusion that probable cause existed (*see, People v Harper*, 236 AD2d 822, *lv denied* 89 NY2d 1094). We further find that, because it appears that defendant's drug-dealing activities were ongoing and continuing, the information set forth in the application was not stale (*see, People v Telesco*, 207 AD2d 920, 921; *People v Munoz*, 205 AD2d 452, *lv denied* 84 NY2d 870).

On its face, the warrant stated that it was to be executed "between the hours of 6:00 A.M. and 9:00 P.M., at any time of the day or night". Pointing to this provision, defendant argues that the physical evidence should have been suppressed as it was seized after 9:00 P.M. We disagree. In accordance with CPL 690.40 (2), the application contained a request for an "all hours" warrant due to the fact that narcotics are often distributed at night and may be disposed of with ease. In light of this, we view the failure to strike the phrase limiting the

search to daylight hours to be a technical defect that may be overlooked (*see, People v Glen*, 30 NY2d 252, 261-262; *People v Eldridge*, 173 AD2d 975, 976; *People v Crispell*, 110 AD2d 926).

Although the officers executing the search warrant for the vehicle did not have the warrant in their possession, the record indicates that they were aware of the warrant, having been present when it was brought to the station after being signed by the Magistrate. As this was a "no-knock" warrant and there is no indication that defendant asked to see the warrant, we find that the execution of the warrant was not improper, particularly since this was a search of a vehicle where there is a lessened expectation of privacy (*see, People v Mahoney*, 58 NY2d 475, 480-481; *People v Kreichman*, 37 NY2d 693, 697; *People v Cotroneo*, 199 AD2d 670, 670-671, *lv denied* 83 NY2d 851; *People v Rhoades*, 126 AD2d 774, 777, *lv denied* 69 NY2d 1008; *see also*, 2 La Fave, Search and Seizure § 4.12 [a], at 718 [3d ed]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.