8 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTE GERMAN, Appellant. [678 NYS2d 393] —Graffeo, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 19, 1996, upon a verdict convicting defendant of the crimes of burglary in the first degree and attempted armed robbery in the first degree.

In the early morning hours of September 6, 1995, Michael Sbuttoni, an Albany Police Department detective, responded to a call at 278 Second Street in the City of Albany. Upon his arrival at the scene, Sbuttoni was advised by Elizabeth Judkins, a resident at the premises, that three armed men had forced their way into her apartment and demanded money. Judkins stated that she recognized the voice of one of the men, whom she knew from prior association, as "Black God". Although the men's faces were covered, Judkins confirmed her identification of "Black God" when his scarf slipped down his face. Sbuttoni proceeded to defendant's residence and after a consensual search of the living room* and defendant's bedroom failed to uncover a weapon, Sbuttoni left the premises. Shortly thereafter, Sbuttoni returned to defendant's residence and placed him under arrest based on an outstanding warrant.

Sbuttoni obtained a search warrant which authorized the search of defendant's residence for any clothing which was the same or similar as that alleged to have been worn by defendant, as well as any guns which may have been used during commission of the crime. The search yielded black fatigue pants, a dark blue "hoodie" and a bluish green scarf with a paisley design. County Court denied defendant's motion to sup-

---

* The consent was given by defendant's mother, who also confirmed that defendant was known by the name "Black God".

press the physical evidence and, following a jury trial, defendant was convicted and sentenced to 8⅓ to 25 years in prison for burglary and 5 to 15 years for attempted robbery, the terms of imprisonment to run concurrently.

Defendant challenges County Court's denial of his motion to suppress the items seized pursuant to the search warrant. To establish probable cause, a search warrant application must provide sufficient information "to support a reasonable belief that evidence of a crime may be found in a certain place" (*People v McCulloch*, 226 AD2d 848, 849, *lv denied* 88 NY2d 1070). Moreover, the court's determination that probable cause existed must be afforded great deference (*see, People v Markiewicz*, 246 AD2d 914, 915, citing *United States v Ventresca*, 380 US 102, 108). Here, the application for the search warrant was supported by the crime report filed by Judkins and her sworn statement, which included a positive identification of defendant and a description of the clothes he was wearing. The application also contained Sbuttoni's statement that he had conducted a consensual search of defendant's bedroom in which clothes similar to Judkins' description were observed. This information provided a substantial basis for the execution of the search warrant (*see, People v Augustine*, 235 AD2d 915, *appeal dismissed* 89 NY2d 1072, *lv denied* 89 NY2d 1088). Defendant's contention that reversal is required since Paula Breen, a Lieutenant with the Albany Police Department, did not testify during the suppression hearing is without merit. The record demonstrates that Breen's radio transmission merely corroborated certain information Sbuttoni received from other sources (*cf., People v Rodriguez*, 52 NY2d 483, 491-492). Since probable cause was established at the suppression hearing and the information received from Breen did not form the basis for the search warrant, it was unnecessary for her to testify (*cf., People v Parris*, 83 NY2d 342; *People v Petralia*, 62 NY2d 47, *cert denied* 469 US 852; *People v Walker*, 244 AD2d 796).

We also reject defendant's contention that the search warrant contained an overbroad description of the property to be seized. The search warrant was limited to firearms and articles of clothing described by Judkins in her statement which was attached to the warrant. Further, although the warrant did not contain the apartment number of the residence, it accurately stated the street address and described the place to be searched as that "known to normally be occupied by [defendant] and his mother, Cynthia German". The officers carrying out the search were familiar with defendant's residence, having been there earlier that morning. Therefore, the search war-

rant was sufficiently particularized to enable the police officers to identify the place intended to be searched and the items sought (*see, People v Wallace*, 238 AD2d 807, *lvs denied* 90 NY2d 865; *People v Augustine, supra*; *People v Davenport*, 231 AD2d 809, *lv denied* 89 NY2d 921).

Defendant's claim that the prosecutor's comments during summation deprived defendant of a fair trial was not preserved for appellate review since defendant did not object at the time of the People's summation (*see*, CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818; *People v Persons*, 245 AD2d 845; *People v Dexheimer*, 214 AD2d 898, *lv denied* 86 NY2d 872) and we decline to reverse on that ground as a matter of discretion in the interest of justice since the comments were not so egregious as to deprive defendant of a fair trial (*see*, CPL 470.15 [6] [a]; *cf., People v Goss*, 229 AD2d 791; *People v Demming*, 116 AD2d 886, *lv denied* 67 NY2d 941).

Lastly, the sentence imposed shall not be disturbed since it was within the statutory guidelines and the record is devoid of any indication that County Court abused its discretion (*see, People v MacDonald*, 227 AD2d 672, *affd* 89 NY2d 908; *People v Morris*, 220 AD2d 808, *lv denied* 87 NY2d 976; *People v Du Bray*, 76 AD2d 976).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.