THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL K. PARK, Appellant. [697 NYS2d 795] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of marihuana in the second degree (Penal Law § 221.25), defendant contends that County Court erred in denying his suppression motion because the search warrant for his residence, containing upper and lower apartments, was issued on less than probable cause. Affording great deference to the determination of the issuing Magistrate and reviewing the application "in a common-sense and realistic fashion" (People v Markiewicz, 246 AD2d 914, 915, lv denied 91 NY2d 974), we conclude that the search warrant was supported by probable cause and thus that the motion to suppress was properly denied. The informant's sworn testimony before the issuing Magistrate establishes the reliability prong of the Aguilar-Spinelli test (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410; People v Drake, 178 AD2d 929, lv denied 79 NY2d 1000). The most recent electricity bill for the unoccupied apartment showed almost double the electric consumption of the occupied lower apartment, supporting the inference that plants were being grown there. The basis of knowledge prong was met based on the testimony of the informant that, over the course of 18 years, he had purchased marihuana from defendant at his home and that he had once seen marihuana plants in defendant's second-floor apartment (see, People v Burks, 134 AD2d 604, 605).

Contrary to defendant's contention, the information that formed the basis of the search warrant was not stale. " 'Information may be acted upon so long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made' " (*People v Bryan*, 191 AD2d 1029, 1030, *lv denied* 82 NY2d 714, quoting *People v Clarke*, 173 AD2d 550). Where a defendant's drug-dealing activities are continuous, a greater time lapse is justified than where the offense is an isolated one (*see, People v Mallory*, 234 AD2d 913, 914, *lv denied* 89 NY2d 1013; *People v Telesco*, 207 AD2d 920). The informant had been purchasing marihuana from defendant at the same location over a period of 18 years; therefore, the time lapse of 6 to 8 weeks between the informant's last purchase and the issuance of the warrant was not so great as to render the warrant stale. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.