■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA MCLAUGHLIN, Appellant. [702 NYS2d 737] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and other crimes. Defendant contends that County Court erred in denying her suppression motion because there was an insufficient basis for issuance of the warrant to search her house. We disagree. Reviewing the warrant application in a "common-sense and realistic fashion" (People v Markiewicz, 246 AD2d 914, 915, lv denied 91 NY2d 974), we conclude that it established probable cause to believe that a search of defendant's residence would result in evidence of drug activity (see, People v Park, 266 AD2d 913; People v Markiewicz, supra, at 915; People v Truver, 244 AD2d 990, 991; People v Harper, 236 AD2d 822, lv denied 89 NY2d 1094). There is no merit to defendant's contention that evidence supporting counts one and three, those involving the two controlled buys of cocaine, must be suppressed as the "fruit of the poisonous tree". The record establishes that, after defendant was released on bail following her arrest after execution of the warrant, she resumed her criminal activities. The police continued their investigation as well, ultimately acquiring, by means divorced from or purged of any taint from the initial search, evidence establishing defendant's commission of new crimes, including the drug sales. None of that evidence stemmed from evidence

seized by police in executing the search warrant (*see, Wong Sun v United States*, 371 US 471, 487-488; *People v Arnau*, 58 NY2d 27, 32-34). Thus, any error in denying the suppression motion cannot be said to have had an impact on defendant's decision to plead guilty (*see, People v Lloyd*, 66 NY2d 964, 965; *People v Strain*, 238 AD2d 452, 453, *lv denied* 90 NY2d 864; *People v Gomez*, 192 AD2d 549, 550, *lv denied* 82 NY2d 806). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.