■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BABACAR SALL, Also Known as SALL BABACAR, Also Known as AMAMAT SECKAL, Also Known as 0-8, Appellant. [744 NYS2d 240] —Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered January 14, 2000, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the fourth degree.

On the morning of December 23, 1998, City of Saratoga Springs police officers executed a search warrant at Cocco's Motel in the Town of Malta, Saratoga County, where defendant was staying. The warrant provided for "no-knock" entry and authorized the search of room 103, as well as a 1993 Lexus automobile parked outside, for controlled substances, drug paraphernalia and weapons. The officers recovered a quantity of marihuana and cocaine in room 103 and additional marihuana, drug paraphernalia and a weapon in the automobile. As a result, defendant was charged with various drug-related crimes, including criminal possession of marihuana in the fourth degree (count four of the indictment) based upon the combined quantity of marihuana found in room 103 and the automobile. Thereafter, defendant moved, inter alia, to suppress the drugs seized during the execution of the search warrant. County Court denied the motion without a hearing. Defendant was subsequently convicted following a trial of criminal possession of marihuana in the fourth degree and sentenced to one year in jail.

Defendant's sole contention on appeal is that the search warrant application failed to establish probable cause that marihuana would be found in the motel room and, conse-

quently, his motion to suppress such evidence should have been granted and count four of the indictment dismissed. Initially, "[t]o establish probable cause, a search warrant application must provide sufficient information 'to support a reasonable belief that evidence of a crime may be found in a certain place'" (*People v German*, 251 AD2d 900, 901, *lv denied* 92 NY2d 897, quoting *People v McCulloch*, 226 AD2d 848, 849, *lv denied* 88 NY2d 1070; *see, People v Edwards*, 69 NY2d 814, 816). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause * * * the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined * * *" (*People v Nieves*, 36 NY2d 396, 402 [citations omitted]; *see, Rossi v City of Amsterdam*, 274 AD2d 874, 876). Notably, "the court's determination that probable cause existed must be afforded great deference" (*People v German, supra* at 901; *see, People v Park*, 266 AD2d 913, 913).

Here, the warrant application was supported by a police officer's affidavit which specifically referenced an accompanying sworn statement given by Alberto De Jesus, an individual sharing the motel room with defendant. In the statement, De Jesus identified defendant by his street name as one of De Jesus's drug dealer associates and also provided a detailed physical description. He stated that defendant and another individual had come from New York City a month earlier to sell marihuana, at which time De Jesus observed the marihuana in the trunk of defendant's automobile, as well as a large knife concealed in the console. He related that he met defendant and the other individual in a bar the previous night, at which time they informed De Jesus that they had marihuana for sale. He stated that he returned to the motel room with them after leaving the bar. De Jesus indicated that the marihuana was either in the motel room or the trunk of defendant's automobile. Given the detailed nature of the information imparted by De Jesus, his relationship with defendant and prior interaction, and the logical inferences to be drawn therefrom, we find that the search warrant application provided probable cause for one to reasonably believe that marihuana would be found in the motel room (*see, e.g., People v Mosiurchak*, 157 AD2d 1023, 1024-1025, *lv denied* 75 NY2d 968). Accordingly, County Court properly denied defendant's suppression motion.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.