■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERITA BLAKE, Appellant. [775 NYS2d 62]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered March 21, 2002, convicting her of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

Under the unusual facts of this case, the trial court erred in denying the defendant's motion for a mistrial at the close of the codefendant's summation. The defendant and codefendant were jointly tried on charges in connection with the stabbing of the victim. The codefendant elected to testify, confessed to stabbing the victim, and implicated the defendant in the crime, while the defendant testified on her own behalf and denied participating in the crime. On summation, the codefendant's attorney stated "(n)ow, somebody might believe that my client arrived in that bedroom without help from [the defendant]. That would be like saying, How did he get into that bedroom, on the second floor, without anybody knowing about it, without the door being unlocked on that day? . . . It just doesn't make any sense. And just the coincidence of all this happening, that he happened to be there on that day, when [the defendant] was going there to." The defendant's attorney objected, and the court advised the jury that the burden of proof was on the People to prove the defendant's guilt.

Contrary to the People's contention, the court's instruction was insufficient to cure the prejudice to the defendant caused by these summation comments, particularly as the evidence against the defendant was not overwhelming (*cf. People v Gar-*

*riga,* 159 AD2d 634 [1990]). Accordingly, the defendant is entitled to a new trial.

In view of our determination, we do not reach the defendant's remaining contention. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.