◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. CHURCH, Appellant. [819 NYS2d 155]—

Cardona, P.J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 31, 2005, convicting defendant upon his plea of guilty of 10 counts of the crime of unlawful surveillance in the second degree.

During the late summer of 2003 through the summer of 2004, defendant owned or maintained three apartment buildings in the City of Ithaca, Tompkins County. In August 2004, one of defendant's female tenants became aware of a shiny object secreted at floor level in the interior door jamb of the apartment bathroom. Further investigation by the tenant and her roommates led the group to conclude that the object was a hidden camera and the Ithaca police were contacted.

Police Investigator Michael Gray responded to the scene and confirmed the placement of the camera. Gray then proceeded to a second apartment in the building, where he was permitted entry by the female residents and observed a recently installed ceiling in the kitchen directly below the bathroom of the first apartment. After being informed by a tenant that defendant had been observed in a nearby utility room earlier in the day, Gray examined the room. Although the room was locked, Gray was able to peer into the room through a gap between the wall and ceiling. Inside, Gray observed wiring which he believed to be capable of transmitting audio and/or visual images. Further investigation by Gray revealed that defendant had been convicted of aggravated harassment in the second degree in 1996 due to his threatened distribution of nude photographs of a former girlfriend. A search warrant executed in connection with that earlier case led to the discovery of a videotape in defendant's possession containing nude images of a female seemingly recorded without her knowledge.

On the basis of an affidavit by Gray and the statements of three of defendant's tenants, a search warrant for defendant's residence was issued by Ithaca City Court. During the execution of the warrant, defendant made incriminating admissions and the police seized audio/video equipment along with one videotape containing nude depictions of 10 of defendant's female tenants at various locations owned or maintained by defendant. As a result, defendant was indicted and charged with 10 counts of unlawful surveillance in the second degree. Defendant's subsequent applications to suppress his statements and the property seized by police were denied by County Court, prompting defendant to enter a plea of guilty to the entire indictment (see CPL 220.10 [2]; 220.60 [1]). He was thereafter sentenced to an aggregate prison term of 5⅓ to 16 years.

On this appeal, defendant first takes issue with the search warrant permitting the search of his home, primarily contending that the application upon which it was based failed to set forth sufficient timely facts to establish probable cause and that the warrant itself did not describe the property to be seized

with sufficient particularity. As to the warrant application, we note that such a request need only be supported by "sufficient information 'to support a reasonable belief that evidence of a crime may be found in a certain place' " (*People v German*, 251 AD2d 900, 901 [1998], *lv denied* 92 NY2d 897 [1998], quoting *People v McCulloch*, 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996]; *accord People v Sall [Babacar] [Seckal] [0-8]*, 295 AD2d 812, 813 [2002], *lvs denied* 98 NY2d 766, 771, 772, 773 [2002]; *see People v Edwards*, 69 NY2d 814, 815-816 [1987]), and we afford considerable deference to the suppression court's determination that probable cause was established (*see People v Sall, supra* at 813; *People v German, supra* at 901).

Here, our review of the facts presented to City Court leads us to conclude that there existed probable cause to believe that evidence of criminality would be found in defendant's home. Gray's affidavit demonstrated the existence of a camera lens strategically positioned in a bathroom used by defendant's tenants, and his visual inspection of adjoining areas revealed the presence of cables he believed to be capable of transmitting video images. Statements by defendant's tenants indicated that defendant had recently accessed these areas and the tenants further stated that they had not authorized the placement of the camera. When viewed in conjunction with the details of defendant's criminal history, these facts adequately established probable cause justifying the search of defendant's residence (*see People v Aseltine*, 155 AD2d 819, 819 [1989]; *People v Rhoades*, 126 AD2d 774, 776-777 [1987], *lv denied* 69 NY2d 1008 [1987]; *see also People v Keller*, 148 AD2d 958, 959-960 [1989], *lv denied* 73 NY2d 1017 [1989]).

Nor are we persuaded that stale information in the warrant application rendered the warrant defective. Although the application referred to defendant's 1996 aggravated harassment conviction and materials seized as part of that investigation, we have long held that "[p]robable cause is not determined simply by counting the number of days between the occurrence of the events relied upon and the warrant's issuance" (*People v Teribury*, 91 AD2d 815, 816 [1982]; *see People v Walker*, 285 AD2d 660, 661 [2001], *lv denied* 97 NY2d 659 [2001], *cert denied* 535 US 1064 [2002]; *People v Acevedo*, 175 AD2d 323, 324 [1991]). In any event, the warrant herein was primarily justified by the existence of more recent facts (i.e., the presence of an unauthorized camera and related equipment in the apartment of one of defendant's tenants), and defendant's prior conviction merely lended support to the finding of probable cause (*compare People v Rodriguez*, 303 AD2d 783, 784-785

[2003]). Finally, given that the warrant specifically authorized the seizure of electronic recording and storage equipment, we agree with County Court that the warrant itself was also sufficiently particular " 'to enable the searcher to identify the . . . places or things that [City Court] . . . determined should be searched or seized' " (*People v Wallace*, 238 AD2d 807, 808 [1997], *lvs denied* 90 NY2d 865 [1997], quoting *People v Nieves*, 36 NY2d 396, 401 [1975]).

Defendant's claim that County Court improperly imposed consecutive sentences is also unpersuasive.* The fact that defendant condensed the various depictions of his tenants onto a single videotape cannot change the fact that he committed multiple crimes involving many victims at various locations (*see* Penal Law § 250.45 [1]; *see generally People v Bryant*, 92 NY2d 216, 230-231 [1998]). Given the humiliating and far-reaching impact that defendant's actions had upon his victims and the fact that defendant was eligible for consecutive sentences upon each of the discrete 10 counts (*see People v Reynoso*, 11 AD3d 719, 720 [2004]; *People v Kendrick*, 261 AD2d 646, 646 [1999], *lv denied* 93 NY2d 1021 [1999]; *compare People v Toland*, 284 AD2d 798, 806 [2001], *lv denied* 96 NY2d 942 [2001]), it cannot be said that County Court abused its discretion in sentencing defendant to four consecutive terms.

Defendant's remaining contentions have been considered and found unpersuasive.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* In order to arrive at the aggregate 5⅓ to 16-year prison term ultimately imposed, County Court initially placed defendant's 10 convictions into four groups based upon the crimes' locations. All sentences in a given group are set to run concurrent with one another, but each of the four groups of sentences are to run consecutively.