People v Caldero (2021 NY Slip Op 03740)





People v Caldero


2021 NY Slip Op 03740


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


538 KA 18-01616

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HECMAR L. VIRELLA CALDERO, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered August 1, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the second degree (§ 220.18 [1]). Defendant failed to preserve for our review his challenge to the voluntariness of his plea because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Furthermore, this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).
Defendant further contends that County Court erred in refusing to suppress physical evidence recovered from his house because there was an insufficient basis for issuance of the warrant and the amended warrant to search the premises. We reject that contention. "Reviewing the warrant application[s] in a 'common-sense and realistic fashion,' " we conclude that they established probable cause to believe that a search of defendant's residence would result in evidence of weapons and drug activity (People v McLaughlin, 269 AD2d 858, 858 [4th Dept 2000], lv denied 95 NY2d 800 [2000]).
Finally, the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court