■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERNANDO RIZO, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 7, 1989, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal sale of a controlled substance in the first degree and two counts each of criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 58⅓ years to life, unanimously affirmed.

Investigation of defendant's wholesale cocaine trafficking led to the seizure of over 2,100 kilograms of cocaine and over $2 million. Viewing the evidence in the light most favorable to the People, and giving the People the benefit of every reasonable inference to be drawn therefrom *(People v Way,* 59 NY2d 361), we find no merit to defendant's claim that the evidence was not legally sufficient to support his conviction for criminal sale of a controlled substance in the first degree in connection with the August 11th transaction. It is not necessary for each piece of circumstantial evidence to point only to the hypothesis of guilt. *(Cf., People v White,* 41 AD2d 629, *affd* 33 NY2d 996.)

We also find no merit, as we did on the appeal by codefendant Echevarry, to defendant's claim that the August 11th transfer of cocaine to a coconspirator did not constitute the crime of criminal sale of a controlled substance in the first degree. *(People v Echevarry,* 165 AD2d 730.)

Defendant's arrest on August 20th for the August 11th transaction was clearly supported by probable cause. The record establishes the defendant's involvement in the August 11th transaction.

Defendant was properly sentenced. The possession charges stemming from the August 11th transaction do not flow directly from the sale. *(Compare, People v Haxhijaj,* 99 AD2d 973, *with People v Snyder,* 154 AD2d 269, 270, *lv denied* 75 NY2d 776.) In the present case, defendant's guilt of the sale charge did not depend on his possession of the cocaine. *(See, People v Gaul,* 63 AD2d 563.) Accordingly, the trial court was not obligated to dismiss the noninclusory lesser possession counts. Also, the trial court did not err by imposing a consecutive term on the conspiracy count *(People v Day,* 73 NY2d 208), and the record is sufficiently clear that defendant received concurrent sentences on the August 11th possessory crimes. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.