■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOLMES ORTIZ, Appellant. [682 NYS2d 236] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Santagata, J.), rendered December 18, 1991, convicting him of conspiracy in the second degree, criminal sale of a controlled substance in the first degree (four counts), criminal possession of a controlled substance in the first degree (five counts), and criminal possession of a controlled substance in the third degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Based on an extensive joint investigation by the Organized Crime Task Force of the New York State Police and the Drug Enforcement Task Force of the Federal Drug Enforcement Administration (hereinafter DEA) into a cocaine distribution enterprise operated by the Columbian Cali cartel, the defendant was believed to be an overseer of this enterprise and responsible for moving more than 3,000 kilograms of cocaine with a value in the tens of millions of dollars. On December 6, 1989, pursuant to a warrant, the authorities searched the defendant's home and a residence on Irvington Avenue, both in Elizabeth, New Jersey, and seized, *inter alia,* a key to a "stash" house located in Nassau County at which cocaine and money were hidden. The defendant now claims that the search warrant was defective, that it was not supported by probable cause, and that the key which was recovered in the search was outside the scope of the warrant.

The search warrant issued on the oral application of an investigator who was a New York State Trooper assigned to the DEA was supported by probable cause. The investigator and his colleagues involved in this investigation (*see, People v Telesco,* 207 AD2d 920; *People v Gaviria,* 183 AD2d 913, 914) observed the defendant purchase a car, in cash, and arrange for its delivery to third parties who used it to transport approximately 100 kilograms of cocaine. These activities supplied sufficient information to support a reasonable belief that the defendant was an overseer in the movement of massive quantities of cocaine and that there would be evidence of this crime in his home (*see, People v Bigelow,* 66 NY2d 417, 423). Furthermore, the key seized from his home was within the scope of the warrant which permitted the police to search for evidence of ownership and/or occupancy of the premises.

The court properly imposed consecutive sentences for the defendant's conviction of conspiracy in the second degree and his convictions of five counts of criminal sale of a controlled substance in the first degree because the conspiracy and the sales were not committed through a single act (*see,* Penal Law § 70.25; *People v Brown,* 80 NY2d 361; *People v Cordoba,* 208 AD2d 420; *People v Martinez,* 198 AD2d 197; *People v Rizo,* 169 AD2d 491; *People v Feingold,* 125 AD2d 587). The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80; *see also, People v Rizo, supra*).

We find no merit to the defendant's remaining contention. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.