■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WRIGHT, Appellant. [54 NYS3d 446]—

Appeal by the defendant from a resentence of the County Court, Suffolk County (Cohen, J.), imposed February 24, 2015, which, upon the granting of his motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed August 13, 2011, upon his conviction of conspiracy in the second degree, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the second degree, money laundering in the second degree, and conspiracy in the fourth degree, upon his plea of guilty, resentenced him.

Ordered that the resentence is affirmed.

In June 2013, the defendant pleaded guilty, inter alia, to conspiracy in the second degree and criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. He was sentenced in accordance with a plea agreement, as a predicate felony offender, to concurrent sentences, the greatest of which was a determinate term of 13½ years. Subsequently, the defendant successfully moved pursuant to CPL 440.20 to set aside the sentence as illegal on the ground that he should not have been sentenced as a predicate felony offender because his federal conviction for conspiracy to

commit a drug crime could not serve as a predicate felony for sentencing purposes in New York (*see People v Ramos*, 19 NY3d 417, 418 [2012]). At resentencing, the County Court sentenced the defendant as a first felony offender, but imposed consecutive sentences for the conviction of conspiracy in the second degree and the conviction of criminal possession of a controlled substance in the second degree so as to arrive at a similar aggregate term as it had previously imposed. The defendant appeals from the resentence.

Contrary to the defendant's contention, the County Court did not lack the authority to impose the corrected sentence, which fell within the range initially agreed upon (*see People v DeValle*, 94 NY2d 870, 871-872 [2000]; *People v Williams*, 87 NY2d 1014, 1015 [1996]). Furthermore, the court was authorized to impose consecutive sentences for the defendant's conviction of conspiracy in the second degree and his conviction of criminal possession of a controlled substance in the second degree because those crimes, as admitted to at the plea allocution, involved separate and distinct acts (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643-644 [1996]; *People v Ortiz*, 256 AD2d 424 [1998]; *People v Cordoba*, 208 AD2d 420 [1994]; *People v Martinez*, 198 AD2d 197 [1993]; *cf. People v Rifino*, 143 AD3d 741 [2016]).

The resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.