People v Blue (2021 NY Slip Op 02305)





People v Blue


2021 NY Slip Op 02305


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-05441
 (Ind. No. 18-00112)

[*1]The People of the State of New York, respondent,
v
Frederick L. Blue, appellant.


Kenyon C. Trachte, Newburgh, NY, for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Lisa E. Fleischmann of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered May 10, 2018, convicting him of conspiracy in the second degree and criminal sale of a controlled substance in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to conspiracy in the second degree (Penal Law § 105.15), and two counts of criminal sale of a controlled substance in the second degree (Penal Law § 220.41[1]), under count 33 and count 36 of the indictment, respectively. As part of the plea agreement, the defendant waived his right to appeal. The defendant was sentenced to an indeterminate term of incarceration of 2 to 6 years for the conviction of conspiracy in the second degree, to run concurrently with a determinate term of imprisonment of 9 years for the conviction of criminal sale of a controlled substance in the second degree under count 33 of the indictment. The defendant was sentenced to a determinate term of imprisonment of 4 years for the conviction of criminal sale of a controlled substance in the second degree under count 36 of the indictment, with that sentence to run consecutively to the other two sentences.
As the defendant's challenge to the legality of his sentence survives even a valid waiver of the right to appeal (see People v Pacherville, 25 NY3d 1021, 1023; People v Brisco, 174 AD3d 639), we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v King, 161 AD3d 1010, 1010-1011).
Contrary to the defendant's contention, the imposition of consecutive sentences was legal. Penal Law § 70.25(2) provides: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently" (see People v Catone, 65 NY2d 1003).
"[T]he commission of one offense is a material element of a second for restrictive sentencing purposes if, by comparative examination, the statutory definition of the second crime provides that the first crime is also a necessary component in the legislative classification and definitional sense" (People v Day, 73 NY2d 208, 211). Conspiracy in the second degree has two elements, (1) an agreement with one or more persons to engage in or cause the performance of [*2]conduct constituting a class A felony (Penal Law § 105.15), and (2) "an overt act . . . committed by one of the conspirators in furtherance of the conspiracy" (Penal Law § 105.20; see People v Ramos, 19 NY3d 417). While criminal sale of a controlled substance in the second degree is a Class A-II felony (Penal Law § 220.41), it is one of many Class A felonies contained in the Penal Law, and conspiracy in the second degree requires only the agreement to engage in conduct constituting a Class A felony, not the commission of such conduct. Furthermore, while "[t]he overt act must be an independent act that tends to carry out the conspiracy, [it] need not necessarily be the object of the crime" (People v Arroyo, 93 NY2d 990, 992). Thus, criminal sale of a controlled substance in the second degree (Penal Law § 220.41[1]) is not a material element of conspiracy in the second degree (Penal Law § 105.15).
Moreover, the acts underlying the crimes committed by the defendant were separate and distinct (see People v Brahney, 29 NY3d 10, 14-15; People v Brickhouse, 179 AD3d 943). Crimes are separate when commission of one crime is complete at the time that the intent is formed to commit the second crime, even if the first crime is an element of the second crime (see People v Brown, 21 NY3d 739, 750). The fundamental question is not whether the same criminal intent inspired the whole transaction, but whether separate acts have been committed with the requisite criminal intent (see People v McKnight, 16 NY3d 43, 49).
Here, since the facts the defendant admitted to at the plea allocution establish that the acts comprising the crime of criminal sale of a controlled substance in the second degree charged under count 36 of the indictment were separate and distinct from the acts by which the defendant committed the crime of conspiracy in the second degree (see People v Wright, 150 AD3d 1032), consecutive sentences are permitted (see People v Ortiz, 256 AD2d 424).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court